Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6319 | **DATE** | 2/7/2011 |
| **CASE TITLE** | Kevoy Brown vs. County of Cook, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel [64] is granted in part and denied in part.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

     Plaintiff has sued defendant Cook County, certain identified sheriffs deputies, and unknown sheriff's deputies for civil rights violations arising out of an incident that took place outside a courtroom at the Criminal Court Building at 26th Street and California Avenue in Chicago. Plaintiff alleges that he was beaten by unknown officers in a prisoner elevator following a physical altercation with the two named deputies in the courtroom. The parties agreed to conducting a photographic array for purposes of identifying the "John Doe" officers. They do not agree, however, on how that photographic array should be conducted. Plaintiff requests that the array contain color photographs of 48 sheriff's deputies on duty at the time of the incident and only those deputies. Plaintiff would exclude any persons who were off duty, absent from work that day, or assigned to a courtroom several floors away from Courtroom 202 where the incident took place. Defendants insist that the photographic array be conducted consistent with the constitutional requirements in place for identification of a defendant in a criminal case. Therefore, defendants not only propose including the 48 sheriff's deputies who most likely responded to the incident, but also all those present at the Court House on the day in question (a total of 100 possible deputies), as well as an additional 25 photographs which would be added to the photographic array as "filler." In addition to creating a photographic array of the scope described above, defendants also request that the court order that the photographic array be conducted by an investigator of the Cook County State Attorney's Office and that defense counsel be present during plaintiff's review.

     We do not believe that the photographic array, which is being used simply to identify officers involved in a civil case, requires the same constitutional safeguards as those implicated in a criminal case. *See Snoussi v. Bivona*, 05 CV 3133, 2009WL 701007 (E.D.N.Y 2009) (holding otherwise). Defendants, however, cite *Davis v. City of Chicago*, 219 F.R.D. 593 (N.D. Ill.2004) which also involved the identification of "John Doe" officers for the proposition that "fillers" be included in the photographic array to ensure a fair identification process. We agree that, given the unique circumstances of this case, fillers should be placed among the photographs of deputies who may have responded to the call that day. However, including over 125 photographs in the array is excessive and will likely lead to confusion. Accordingly, we order that the Cook County State's Attorney's Office

| STATEMENT |
|---|
| prepare a photographic array that includes photographs of the 48 deputies who were most likely to have responded to the scene and include an additional 25 photographs of other individuals, corresponding to the oral descriptions given by the plaintiff of his alleged assailants, as fillers. Plaintiff's identification shall take place at his attorney's office, but defendant's attorney shall be present for the identification. Plaintiff will have an opportunity to consult with counsel prior to making any final identification.<br>     Plaintiff's motion to compel is therefore granted in part and denied in part [dkt. 64]. |